^PETERS, J.,
dissenting.
While I agree with the majority’s interpretation of La.R.S. 22:636.1 and its effect on the insurer’s failure to follow its procedure, I do not agree that the summary judgment rendered by the trial court should be affirmed in this case. Whether Valentine received the mailed notice is an unresolved genuine issue of material fact which must be addressed at a trial on the merits.
In interpreting La.R.S. 22:636.1(D)(3), one must draw a distinction between the act of mailing by certified mail and the act of obtaining delivery by regular mail. Pursuant to that statute, when payment is stopped on a check given as an initial premium payment, the insurer’s obligation is to “immediately notify the named insured, by certified mail or delivering to the named insured a written notice that the policy is cancelled from the date the premium payment was due.” La.R.S. 22:636.1(D)(3)(b) (emphasis added). In considering the disjunctive “or,” I conclude that the insurer need not prove delivery if the notice is sent by certified mail, but if sent by any other process, the insurer must prove delivery. Thus, ordinary mail is satisfactory if the insurer can establish *74 that the insured actually received the letter.
In this case, we are at the summary judgment level. It is not disputed that I .¡Colonial Penn mailed the letter to the insured by ordinary mail. Thus, whether the insured received the letter is a question of fact. Under La.Code Civ.P. art. 966(C)(1), the mover must show that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Despite the fact that summary judgments are now favored in the law, one fact has not changed — the burden of proof still remains with the mover. La. Code Civ.P. art. 966(C)(2). The mover’s obligation is to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” Id. That does not mean to say, as is the case herein, that no one has been able to find the insured and therefore does not know what he or she will say concerning delivery, but rather that the mover has found the insured and the insured will state that he or she did not receive the letter.
In my opinion, the mover has not established that Colonial Penn cannot prove delivery, but only that it has not been able to do so through the date of the summary judgment hearing. Delivery remains an issue which is subject to investigation and discovery procedures through trial. Obviously, if Colonial Penn is unsuccessful in finding Valentine, coverage should be found. The same result might occur even if Colonial Penn finds Valentine but still cannot establish delivery. However, as pointed out by the majority, after the accident, Valentine forwarded a personal check to pay the premium. Thus, he obviously knew that the premium needed to be paid.
Colonial Penn may well be found liable for coverage at trial, depending on what occurs in the future. However, it should have the opportunity to resolve this genuine issue of material fact, and summary judgment should not preclude its effort to do so.